# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6194 | **DATE** | September 16, 2011 |
| **CASE TITLE** | Ernest Lee Brown (#M-19812) vs. Target Outlet Store | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file *in forma pauperis* [#3] is granted. The complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a federal claim and on grounds of *res judicata*. The case is terminated. Plaintiff's motion for appointment of counsel [#4] is denied as moot. The trust fund officer at Plaintiff's place of confinement is authorized and ordered to make deductions from Plaintiff's account and payments to the clerk of court in accordance with this order. The Clerk is directed to mail a copy of this order to the trust fund officer at the Western Illinois Correctional Center. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [**For further details see text below.**]  Docketing to mail notices.

## STATEMENT

Plaintiff, a state prisoner, has brought this *pro se* civil rights action purportedly pursuant to 42 U.S.C. § 1983. Plaintiff sues a Target Outlet Store in Joliet, Illinois, alleging that loss prevention officers employed by the store used excessive force when they detained Plaintiff for allegedly shoplifting in December 2010.

Having reviewed his submissions, the court concludes Plaintiff is unable to prepay the filing fee. Accordingly, the court grants Plaintiff's motion to proceed *in forma pauperis* and assesses an initial partial filing fee of $11.80 pursuant to 28 U.S.C. § 1915(b)(1). The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of court. Thereafter, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in the amount of 20% of the preceding month's income credited to the account. *See* 28 U.S.C. § 1915(b)(2). Monthly payments shall be forwarded to the Clerk of court each time the account balance exceeds $10, until the full $350 filing fee is paid. *Id.* Separate deductions and payments shall be made with respect to each action or appeal filed by Plaintiff. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss a suit brought *in forma pauperis* at any time if the court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The court concludes in this case that Plaintiff's complaint does not state a federal claim as a matter of law; furthermore, Plaintiff's refiled suit is barred by the doctrine of *res judicata*.

In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Plaintiff has not alleged that the store security officers were either acting under color of state law or acting in concert with state actors. If Plaintiff wishes to sue private individuals for battery, he must do so in state court.

Indeed, another judge of this court has considered and rejected these same claims only three months ago. *See Brown v. Target Outlet Store, et al.*, Case No. 11 C 3109 (N.D. Ill.), dismissed on preliminary review by Minute Order of June 1, 2011 (Castillo, J.) (finding no viable civil rights claim and no alternative basis for federal jurisdiction, such as diversity of the parties). Under principles of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Highway J Citizens Group v. United States Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "[T]wo claims are one for purposes of *res judicata* if they are based on the same, or nearly the same, factual allegations." *Tartt v. Northwest Community Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006) (citations omitted). In other words, "a subsequent suit is barred if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Okoro v. Bohman*, 164 F.3d 1059, 1062 (7th Cir. 1999). If Plaintiff disagreed with Judge Castillo's dismissal of his earlier complaint, he was free to take an appeal; this court will not entertain a new duplicative lawsuit.

This suit is dismissed for failure to state a federal claim for relief. The court warns Plaintiff that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(A)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(A)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."